**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 3:05-cr-292 (VLB)** |
| | : | |
| **Christopher Goins** | : | |
| **Defendant.** | : | **July 21, 2020** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM OF DECISION DENYING DEFENDANT CHRISTOPHER GOINS'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(ii)**

Before the Court is Defendant Christopher Goins's motion for a modification of his sentence to provide for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Dkt. 239]. Defendant seeks a modification of his sentence from incarceration to home confinement based on his asserted risk of severe complications should he contract COVID-19 while designated to a halfway house by the Bureau of Prisons ("BOP"). The Government opposes Defendant's motion. [Dkt. 244]. For reasons set forth below, the Court DENIES Defendant's motion without prejudice for failure to establish "extraordinary and compelling" reasons for the requested modification.

**Background**

On June 13, 2008, the Court (Burns, J) sentenced Mr. Goins to a below-guideline and below statutory-minimum prison term of 72 months' incarceration, followed by a ten year term of supervised release, after Defendant's guilty plea to

1

one count of Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or more of Cocaine Base, 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A). [Dkt. 164 (Crim. J)]. Mr. Goins was released from prison and commenced his term of supervised release on December 10, 2010. [Dkt. 205 (Sealed Violation Report)]. Four years later, local police obtained arrest warrants for Mr. Goins following several controlled drug purchases. [*Id.*]. He was arrested on December 19, 2013. [*Id.*]. A search of his person revealed crack cocaine, powder cocaine, and cash. [*Id.*]. Thereafter, a search of his residence conducted pursuant to a warrant also revealed a loaded, semi-automatic handgun, a stun gun, powder and crack cocaine, drug packaging material, a digital scale, and additional cash. [*Id.*]. Mr. Goins was sentenced in state court to a total effective sentence of six years' imprisonment followed by nine years of special parole. [*Id.*].

On December 18, 2014, Judge Burns sentenced Mr. Goins to 51 months' imprisonment for violation of mandatory conditions 1-3 to run consecutive to Defendant's state sentences. [Dkt. 227 (Revocation J)]. Mr. Goins appealed the imposition of the sentence imposed for the supervised release violations, which was affirmed by the Second Circuit. [Dkt. 235 (Mandate of 2nd. Cir. affirming judgment in 14-4789-cr)].

According to the instant motion, on July 15, 2020, the BOP released him from FCI Allenwood in Allenwood, Pennsylvania to Watkinson House, a Residential Reentry Center in Hartford, Connecticut. [Dkt. 239 (Def. Mem. for Compassionate Release) at 1].

## Legal Standard

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed'; but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citations omitted) (quoting 18 U.S.C. § 3582(c)). The statute providing for the finality of a criminal judgment contains a narrow exception to provide for re-sentencing for compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Addressing the specific provision under which Defendant seeks release, the First Step Act of 2018 amended the procedural requirements for bringing a motion for resentencing to provide compassionate release. First Step Act of 2018, Section 603(b), Pub. L. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)). This amendment allows a defendant to move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Previously, only the Bureau of Prisons ("BOP") could move for compassionate release and such motions were rarely filed. *See United States v. Rivernider*, No. 3:10-CR-222(RNC), 2020 WL 597393, at *2 (D. Conn. Feb. 7, 2020). The amendment expanded access to the courts but did not alter the substantive standard. *See id.*; *see also United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

To consider a sentence reduction for compassionate release, Defendant must show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). By statute, such reduction must be consistent with applicable policy statements issued by the U.S. Sentencing Commission. § 3582(c)(1)(A). In addition to finding "extraordinary and compelling" reasons for the reduction, the Court must also find that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" per U.S.S.G. 1B1.13(2). Then, before compassionate release can be granted, the Court must consider the 18 U.S.C. § 3553(a) sentencing factors to the extent relevant. 18 U.S.C. § 3582(c)(1)(A).

At Congress's direction, the U.S. Sentencing Commission promulgated guidance on the circumstances that constitute "extraordinary and compelling" reasons. *See* 28 U.S.C. § 944(t). As this Court and other courts have recognized, the U.S. Sentencing Commission guidance has not yet been updated to reflect the liberalization of the procedural requirements. *United States v. Gagne*, No. 3:18-CR-242 (VLB), 2020 WL 1640152, at *2 (D. Conn. Apr. 2, 2020); *Ebbers*, 2020 WL 91399, at *4. The Application Notes to U.S.S.G. § 1B1.13 explain that a defendant's medical condition may constitute "extraordinary and compelling" circumstances when:

 (A) Medical Condition of the Defendant.--
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. [or]
    (ii) The defendant is--
        (I) suffering from a serious physical or medical condition,

4

> **(II) suffering from a serious functional or cognitive impairment, or**
> **(III) experiencing deteriorating physical or mental health because of the aging process,**
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13, Commentary Application Note 1(A). Commentary Application Note 1(D) contains a residual clause to provide relief for other "extraordinary and compelling reasons" as determined by the Director of the Bureau of Prisons. Each of the conditions listed in the application note are debilitating and render an inmate unlikely to recidivate. The Defendant bears the burden of showing that he is entitled to a sentence reduction. *Ebbers*, 2020 WL 91399, at *4.

The Court recognizes that "extraordinary and compelling" circumstances may exist outside of those circumstances delineated by the U.S. Sentencing Commission, given the advisory nature of the guidelines, *United States v. Booker*, 543 U.S. 220 (2005), and their conflict with the statutory language of the First Step Act amendments. *See United States v. Anton Jepsen*, 3:19-cr-73, Dkt. 41 at 7-8, 2020 WL 1640232 (D.Conn. Apr. 1, 2020)(Bryant, J.); *United States v. Beck*, 425 F.Supp.3d 573, 579–80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F.Supp.3d 345, 348–353 (S.D. Tex. 2019). The guidelines are nevertheless helpful in defining the vague standard because the First Step Act did not amend the substantive standard. *Ebbers*, 2020 WL 91399, at *4.

This Court and others have recognized that an inmate's especially heightened risk of infection and risk of developing severe complications from COVID-19 based on their medical history may constitute "extraordinary and

compelling" reasons to grant compassionate release, often in combination with other factors. *See, e.g. Jepsen*, 2020 WL 1640232, at *5 (granting motion for compassionate release where defendant suffers from a compromised immune system); *United States v. Sanchez*, No. 18-CR-00140-VLB-11, 2020 WL 1933815, at *5 (D. Conn. Apr. 22, 2020) (same); *see also, Martinez-Brooks v. Easter*, No. 3:20-CV-00569 (MPS), 2020 WL 2405350, at *13 (D. Conn. May 12, 2020) ("...approximately 25 out of 48 COVID-19 related motions for compassionate release have been granted in this District alone since the crisis began.").

Courts considering defendants' medical vulnerability from COVID-19 ordinarily look to the CDC's guidance on at-risk health populations. *See United States v. Rivera*, No. 3:13-CR-71-1 (VLB), 2020 WL 3186539, at *4-5 (D. Conn. June 15, 2020); *see also, e.g., United States v. Adams*, No. 3:16-CR-86-VLB, 2020 WL 3026458, at *2 (D. Conn. June 4, 2020); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *5 (D. Conn. Apr. 8, 2020). In determining whether a defendant's medical vulnerability to the virus constitutes "extraordinary and compelling" reasons for re-sentencing, courts have considered a multitude of factors in factually intensive inquiries, including: defendants' age, the severity and documented history of their health conditions, defendants' history of managing those conditions in prison, the proliferation and status of infection at defendants' facilities, and the proportion of the term of incarceration that has been served. *United States v. Brady*, No. S2 18 CR. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020)(citations omitted).

<u>Analysis</u>

1. <u>Whether Defendant exhausted administrative remedies.</u>

Before considering the merits of Mr. Goins's motion, the Court must first address 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A) requires that a defendant must first seek administrative relief, and then may proceed to court after fully exhausting administrative appeals or the lapse of thirty days from the warden's receipt of the request, whichever is earlier. Here, the Court agrees with the parties that Defendant satisfied the administrative exhaustion requirement. On June 11, 2020 counsel for Defendant filed a request with the warden of FCI Allenwood requesting, *inter alia*, that the BOP move for compassionate release on Mr. Goins's behalf on account of his medical vulnerability to COVID-19. [Dkt. 239-1]. Warden Howard responded on July 2, 2020, denying Defendant's request. [Dkt. 239-2]. While it does not appear that the Defendant undertook an administrative appeal of the warden's decision, more than thirty days have passed between the administrative request and the filing of the instant motion.

2. <u>Whether Defendant demonstrates "extraordinary and compelling" reasons for the Court to grant compassionate release.</u>

Defendant argues that the Court should grant his motion for a reduction in sentence because he is medically vulnerable to severe complications from COVID-19 and that he has an increased risk of contracting the virus while residing in an institutional setting with shared living quarters. [Dkt. 239 (Def. Mot. to Reduce Sent.) at 3-5, 8-10]. Defendant further argues that confinement in a halfway house

serves no penological purpose [*Id.* at 1] and that the purposes of sentencing could be fulfilled by a period of home confinement [*Id.* at 12-14].

The Government opposes Defendant's motion, arguing that the BOP promptly and appropriately responded to the pandemic and that Defendant's former institution has never reported a positive case among inmates. [Dkt. 244 (Gov. Mem. in Opp'n) at 4]. The Government argues that the Court should defer to the BOP's assessment of the Defendant's motion for compassionate release, given the BOP's responsibility to care for inmates and their institutional knowledge of inmates' prior criminal history, the risk to their health, and available resources. [*Id.* at 3-6]. The Government agrees that Defendant's memo correctly states that Defendant's obesity is recognized by the CDC as presenting a higher risk for severe infection. [*Id.* at 7-8]. The Government argues, however, that a sentence of home confinement would be inconsistent with the statutory goals of sentencing, 18 U.S.C. § 3553(a), and that Defendant remains a danger to the community. [*Id.* at 9-10]. On these issues, the Government cites Defendant's prior convictions for robbery and weapons charges and the supervised release violation notwithstanding prior leniency by Judge Burns. [*Id.*].

The Court agrees that the Defendant has not demonstrated the "extraordinary and compelling" reasons necessary to warrant resentencing pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii). The Court agrees that Defendant's obesity places him among the populations that the CDC recognizes as medically vulnerable to severe complications from COVID-19. *People of Any Age With Underlying Medical Conditions*, Ctrs. for Disease Control and Prevention, (updated Jul. 17, 2020).

However, Mr. Goins he has not shown that he is in eminent danger to such a degree to establish "extraordinary and compelling" circumstances without more.

First, Mr. Goins's motion provides scant details of the actual conditions of confinement at Watkinson House. The motion was filed on the same day that Defendant was schedule to leave FCI Allenwood to be re-designated to the halfway house and the motion is limited to his anticipated conditions of confinement. To that end, it is speculative. The motion is silent as to what measures are being taken by the BOP and the halfway house staff to screen and/or quarantine incoming inmates. The Government's opposition memorandum states that Probation reports that there are no positive tests among the residents of the halfway house. [Dkt. 244 (Gov. Opp'n) at 4]. The motion does not state how many individuals reside in the halfway house or what cleaning protocols are used for common areas. The Defendant's motion also states that "…Watkinson House instructs their residents to keep a distance and provides masks and soap to maintain proper handwashing and hygiene…" [Dkt. 239 (Def. Mot. to Reduce Sent.) at 8]. These proactive measures are recognized by public health officials as crucial to slowing the spread of the virus. *See How to Protect Yourself & Others*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last updated Apr. 24, 2020).

Without additional information about the actual conditions of confinement at Watkinson House, the Court cannot conclude that Defendant has demonstrated "extraordinary and compelling" reasons for modification of his sentence. *Compare to United States v. Wen,* No. 6:17-CR-06173 EAW, 2020 WL 1845104, at *7 (W.D.N.Y.

Apr. 13, 2020)(granting defendant's emergency motion for compassionate release of defendant designated to a halfway house where "…the record before the Court suggests that the facility is recklessly failing to take even the basic steps necessary to protect against the spread of this disease.").

Because the Defendant has failed to present sufficient information to demonstrate extraordinary and compelling reasons for re-sentencing pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court declines to consider whether Defendant's release now, as opposed to in April 2021, would pose any danger to the public and whether the requested sentencing modification would comport with the purposes of sentencing.

## Conclusion

For the aforementioned reasons, the Court DENIES Mr. Goins's motion without prejudice to refiling with particularized information concerning the conditions of confinement and infection control measures in place at Watkinson House.

IT IS SO ORDERED

___/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 21, 2020